Argued and submitted June 12, affirmed July 19, 1989

HEUBERGER,
*Appellant,*

*v.*

ROUNSEFELL et al,
*Respondents.*

(88D-300323; CA A50857)

776 P2d 596

Steven Schwindt, Canby, argued the cause for appellant. With him on the brief was Reif & Reif, Canby.

Dean M. Quick, Albany, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Plaintiff appeals a summary judgment in favor of defendants in this action on a promissory note. We affirm.

On September 26, 1977, defendants signed a note promising to pay plaintiff $8,498.55 at 9 1/2 percent interest *per annum* in monthly payments of not less than $65. The note was due and payable in full on September 15, 1984. Defendants apparently made timely payments until August, 1984; because they were unable to pay the balance in September, 1984, they signed a second note. Under the second note, signed September 11, 1984, defendants promised to pay $8,498.55 at 15 percent interest *per annum* in monthly payments of not less than $200 per month. The balance was due in full on September 15, 1985. On September 30, 1985, they signed a third note for $7,380.63 at 15 percent interest *per annum*. Monthly payments were $200 per month for the first year and $300 per month for the second. The balance was due on October 15, 1987. The second note included a statement that it was an extension of the 1977 note, and the third said that it was an extension of the 1984 note.

Defendants paid according to the terms of the third note until May 3, 1987. In May, 1988, plaintiff sued, seeking judgment on the third note for $3,927.53 plus 15 percent interest *per annum* from May 3, 1987, until paid, and attorney fees of $1,500. Defendants' answer included the affirmative defense that the 1984 and 1985 notes were usurious under Oregon law when they were signed. ORS 82.010(3).[1] Defendants tendered $98.55 as full payment of the note.[2] Both

---

[1] ORS 82.010(3) provides, in pertinent part:

"Except as provided in ORS 82.025, no person shall:

"* * * * *

"(b) Make a loan of $50,000 or less * * * at an annual rate of interest exceeding the greater of 12 percent, or five percent in excess of the discount rate on 90-day commercial paper in effect at the Federal Reserve Bank in the Federal Reserve district where the person making the loan is located, on the date the loan or the initial advance of funds under the loan is made."

[2] ORS 82.010(4) provides:

"Any person who violates subsection (3) of this section shall forfeit the right to collect or receive any interest upon any loan for which a greater rate of interest or consideration than is permitted by subsection (3) of this section has been charged, contracted for or received. The borrower upon such loan shall be required to repay only the principal amount borrowed."

parties moved for summary judgment. The court entered summary judgment in favor of defendants and awarded them costs and $1,500 attorney fees.

Plaintiff contends that the court erred in treating the 1984 and 1985 notes as new notes rather than as extensions of the original 1977 note. He argues that the critical date in the application of the interest limitation statute is the date on which the loan was made or the date of the initial advance of funds. ORS 82.010(3). He argues that the 1984 and 1985 notes were not loans of money and thus do not fall within the interest limitation statute.

Defendants contend that each note represented a contemporary loan transaction. The rate of interest on both the 1984 and 1985 notes exceeded that then allowed by statute.[3] Therefore, defendants argue, plaintiff has forfeited his right to collect more than the principal, which defendants have tendered in full.

We agree with defendants that the second and third notes reflect loans that are subject to ORS 82.010(3). In 1977, plaintiff and defendants negotiated a loan. Defendants were unable to comply with the term for payment in full in September, 1984. Consequently, the parties negotiated a loan in September, 1984, for the same principal at a new rate of interest. That transaction in effect paid off the first loan and established new terms regarding the rate of interest and amount of payments. Had that loan been negotiated with a second lender, there is no question but that the rate of interest would have been excessive under ORS 82.010(3), as of September 11, 1984. We see no reason why a second loan from the same lender should be treated any differently from a separate loan from a separate lender. To do so would circumvent the purpose of the interest limitation statute. The same analysis applies to the third note of September 30, 1985. It follows that both bear an interest rate that is excessive under ORS 82.010(3).

Affirmed.

---

[3] On September 11, 1984, the federal discount rate was 9.0 percent. Thus, the maximum permissible loan interest rate was 14.0 percent. On September 30, 1985, the discount rate was 7.5 percent. Thus, the maximum permissible loan interest rate was 12.5 percent.